Elinor HUGHES, Appellant,

v.

J. WEINGARTEN, INCORPORATED, Appellee.

No. 6790.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1965.

Rehearing Denied Jan. 19, 1966.

Lynn Walker, Ernest L. Sample, Beaumont, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for injuries received by plaintiff when she slipped and fell in defendant's store. At the close of plaintiff's evidence the jury was discharged and judgment instructed for defendant. The parties will be referred to here as they were in the trial court.

Plaintiff alleged in her petition that February 3, 1962, she slipped and fell on a watery and slippery substance while shopping as a customer in defendant's store. It was alleged that defendant was negligent in placing the substance on the floor, having a defective display case which allowed water to leak or run on the floor, failing to repair or replace a defective display case and other acts of negligence.

In the evidence, plaintiff relies upon a cause of action based on defendant's placing the foreign substance on the floor, as there is no evidence that on the occasion in question that defendant knew the substance was on the floor and negligently failed to remove it, or that the substance had been on the floor for such a period of time that it would have been discovered and removed by defendant exercising ordinary care. H. E. Butt Grocery Co. v. Johnson, Tex.Civ. App., 226 S.W.2d 501.

■ The rules we are bound by in passing upon this appeal were set forth in White v. White, 141 Tex. 328, 172 S.W.2d 295:

"In determining whether it was proper to instruct a verdict in this case, we must view the evidence in the light most favorable to the petitioners, the losing parties. * * * We must indulge against the instruction every inference that may properly be drawn from the evidence. * * * And, if the record reflects any testimony of probative force in favor of the losing parties, we must hold the instruction improper."

All of the evidence shows plaintiff slipped and fell in defendant's store and received a severe injury.

■ Plaintiff testified as follows: She was shopping in defendant's store and wanted to buy a jar of oysters. She came up to the fish counter and there was no attendant there. She rang the buzzer at the fish counter but there was no response. She left her basket in the aisle in front of the case and went behind the fish case and reached in the case from the back side and took out a glass jar of oysters. She returned to the aisle in front of the case and at a point about the middle of the fish case slipped and fell. The glass jar containing the oysters was broken and severely injured her hand. She did not see the water until after she had fallen. She saw the water after the fall. Her woolen slacks were saturated in the puddle of water which was not oyster juice. She saw the puddle of water as she was sitting in it. There was a large enough area to see other than just the place she was sitting. This was sufficient evidence to raise an issue for the jury that there was a foreign substance on the floor in which plaintiff slipped.

There is no direct testimony that defendant placed the water on the floor, but we have circumstantial evidence that this occurred. Plaintiff testified the pool of water in which she slipped was in front of the fish case and extended under and out from the fish case. Plaintiff offered in evidence pictures of the fish case showing that it appeared to be old, rusted and misshapen in parts. Anthony Lesota testified to the following: He was an employee for defendant at the time plaintiff was injured, although he was not on duty that day. The fish case was an old one. The front of the fish box was usually sweating most of the time. Drops of water would run down the front of the box and several times there would be a small amount of water. He observed employees of the defendant mopping up the moisture at the fish case frequently. The moisture was coming from the fish case. He went up to the fish case and felt it to see if it was sweating and to see where the water was coming from.

Arthur L. Caples testified as follows: He had been in the refrigeration service business for 6 years and had 15 years experience in such field. He examined the fish case in question during the summer of 1962. A refrigerated case will sweat where there is a temperature differential. This is avoided by insulation. If the insulation seal is broken the air will condense in the insulation and the insulation will become saturated with water. If the insulation becomes wet, condensation will form on the outside of the case. An examination of the pictures in evidence shows that the vapor seal on this fish box is broken.

Howard C. Bruening testified as follows: He is the manager of the store in question and had been since May 1, 1961. He understood the fish case in question was installed at the time the store was constructed. None of the parts nor attachments had been replaced since its purchase except a broken glass.

Tom Grenera testified to the following: He had worked for the store in question for approximately 6 years beginning in April 1956 and ending in August 1962. He left the store about 4:00 the afternoon of February 3rd, 1962, and was not in the store at the time plaintiff was injured. The fish case in question was a non-refrigerated case in which ice was used to refrigerate the fish. It was not refrigerated by electricity. The ice was placed in the case regularly in the morning, and the fish then placed on top. This case had been in the store since the time of his employment. He had observed a pool of water in front of this fish case several times. He had observed repairmen working on the case after water had been discovered on the floor in front of the case. He had observed the repairmen checking the case and checking the seals around the glass and the drain pan, and one time they ran water over the ice to see if it leaked through the case. The sources of water near the fish case were the ice in the case and the basin behind the case. There were no sources of water near the front of the fish case.

Because of this evidence of probative force favoring plaintiff, it was error for the trial court to instruct a verdict.

Reversed and remanded.